UNITED STATES v. YUEN YEE SUM.

(District Court, D. Oregon. April 8, 1907.)

No. 4,791.

ALIENS—CHINESE EXCLUSION ACT—TIME FOR APPEAL FROM JUDGMENT OF DEPORTATION.

Under section 13 of the Chinese exclusion act (Act Sept. 13, 1888, c. 1015, 25 Stat. 479 [U. S. Comp. St. 1901, p. 1317]), which provides that any Chinese person convicted under the act of being unlawfully in the United States "may within ten days from such conviction appeal to the judge of the district court for the district," unless an appeal is taken within the time so limited, the court acquires no jurisdiction to hear and determine the cause.

On Motion to Dismiss Appeal.

James Cole, Asst. U. S. Atty.
James Gleason, for defendant.

WOLVERTON, District Judge.    The defendant, being a Chinaman, is charged, by proper complaint addressed to the United States commissioner, J. A. Sladen, with being a laborer and not belonging to any of the excepted classes of Chinese persons provided by law, and therefore unlawfully within the United States.    The cause coming on to be heard before the commissioner, the defendant offered no evidence to sustain his right to remain here, and a judgment of deportation was entered on November 25, 1904.    An appeal was taken to the District Court, by notice filed and served on January 11, 1905.    The cause having been certified here, the government moves to dismiss, for the reason that the appeal was not taken within 10 days, the time prescribed by section 13, Act Sept. 13, 1888, c. 1015, 25 Stat. 479 [U. S. Comp. St. 1901, p. 1317].    Unless the appeal is taken within the time fixed by law, this court can acquire no jurisdiction to hear and determine the cause.    The statute was designed as a summary proceeding to insure a speedy hearing, so that matters might be terminated shortly, and the defendant deported if unlawfully within the United States, or discharged if rightfully here.    It is very evident, from a survey of the dates, that the appeal was not taken within the time allotted.

Therefore the cause should be dismissed.    See Chow Loy v. United States, 112 Fed. 354, 50 C. C. A. 279.